

# IN THE
# TENTH COURT OF APPEALS

No. 10-06-00228-CV

**R.M. DUDLEY CONSTRUCTION COMPANY, INC.,**
                                                                      **Appellant**

 **v.**

**DAN DAWSON, WILLIAM W. DAWSON, JR.
(DAN DAWSON'S DAD), RUDY BRINER,
STEVEN CLARK HAYS AND JAMES K. ASHLOCK,**
                                                                      **Appellees**

From the 361st District Court
Brazos County, Texas
Trial Court No. 03-002534-CV-361

## O P I N I O N

Carlos Martinez was a concrete supervisor for Appellant R.M. Dudley Construction Company (Dudley Construction), which is owned by Mark Dudley (Dudley). Dudley Construction did some work for Appellee Dan Dawson, and Martinez supervised the concrete crew on that job. Dawson subsequently hired Martinez to do some more construction work "on the side," and in doing so, Martinez used Dudley Construction's equipment, supplies, and employees who were being paid

by Dudley Construction while doing the work on the side. Martinez was thus able to charge Dawson significantly less than the going rate for such work.

The other Appellees in this case—William W. Dawson, Jr. (Dan Dawson's Dad), Rudy Briner, Steven Clark Hays, and James K. Ashlock—all learned about Martinez's discounted, on-the-side construction work from each other and had Martinez do similarly discounted construction work for them. Dudley learned that Martinez had done work for the Appellees using Dudley Construction's equipment, supplies, and employees, and he filed constitutional and mechanic's and materialman's lien affidavits on the Appellees' properties where Martinez had done the concrete work on the side.

The Appellees filed a summary motion to remove Dudley Construction's liens under section 53.160 of the Property Code, claiming that the liens were invalid because they were filed on the Appellees' homestead properties and no written contracts were executed before the construction work commenced, as required by Property Code section 53.254.[1]  *See* TEX. PROP. CODE ANN. §§ 53.160, 53.254 (Vernon 2007). The Appellees requested the trial court to remove the liens and to award them their attorney's fees under section 53.156. *See id.* §§ 53.156, 53.160. Dudley Construction answered, filing a general denial. It also filed a counterclaim entitled "Original Counterclaim and Suit to Foreclose Lien" and alleging claims for unjust enrichment, fraud, theft liability act, conversion, conspiracy, tortious interference with contractual relations, and quantum meruit.

---

[1]  What the Appellees term a "lien" was actually Dudley Construction's "Affidavit Claiming Constitutional and Mechanic's and Materialman's Lien," all of which included this notice: "Notice: This is not a Lien. This is only an affidavit claiming a Lien."

The trial court issued an order finding that the liens are invalid and should be removed and instructing the county clerk of Brazos County to file the order to show that the liens are invalid and are to be removed so as not to be a cloud on the Appellees' property titles. A hearing on attorney's fees incurred to have the liens removed took place, but the trial court deferred ruling on the Appellees' request for attorney's fees until all issues in the case had been determined.

About ten months later, the Appellees answered Dudley Construction's counterclaim, asserting a general denial and their own counterclaim in which they claimed that Dudley Construction's counterclaim was "groundless in fact or brought in bad faith or brought for the purpose of harassment." The Appellees also sought to recover their attorney's fees in defending Dudley Construction's counterclaim.

A jury trial was held, and after Dudley Construction had rested, the trial court granted the Appellees' motion for directed verdict on all of Dudley Construction's claims except for its conspiracy-to-breach-fiduciary-duty claim against Appellees Dan Dawson and Rudy Briner. The jury found against Dudley Construction on that claim, and Dudley Construction thus took nothing on its counterclaim. The trial court did not submit any jury issues on the Appellees' remaining claims or on attorney's fees.

## Continuance

We begin with Dudley Construction's second issue, which asserts that the trial court erred by denying its first and only motion for continuance. We review a ruling on a motion for continuance for abuse of discretion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986).

On August 12, 2005, this case was set for jury trial on December 5, 2005, with a final pretrial on December 2. The "notice of setting" states: "Conflicting settings of counsel will not be a reasonable ground [for a continuance] unless the conflicting setting was given prior in time to this notice, . . ." At the December 2 final pretrial, the trial court *sua sponte* moved the trial to December 7. On December 6, Dudley Construction filed a motion for continuance, alleging that its attorney had received notice on November 30 that two of his clients in another legal proceeding had just been added to a NASD arbitration that was scheduled to begin on December 6. The trial court denied the motion, and another attorney from the law firm of Dudley Construction's attorney tried the case for Dudley Construction.

In general, absence of counsel is not good cause for a continuance, but the trial court has the discretion to allow a continuance if good cause is shown. TEX. R. CIV. P. 253; *see Rehabilitation Facility at Austin, Inc. v. Cooper,* 962 S.W.2d 151, 155 (Tex. App.—Austin 1998, no pet.) (citing *State v. Crank,* 666 S.W.2d 91, 94 (Tex. 1984)). The record does not show the efforts, if any, taken by Dudley Construction's attorney to have the conflicting arbitration proceeding reset, nor does it adequately explain the arbitration's precedence over the December 5 jury trial setting for which notice was given on August 12. Furthermore, there is no explanation why the motion for continuance was filed after the pretrial and on the day before trial.

Nothing in the record suggests that the new attorney was incapable of rendering adequate representation or did not render adequate representation. *See Rehabilitation Facility,* 962 S.W.2d at 156 (citing *Echols v. Brewer,* 524 S.W.2d 731, 734 (Tex. Civ. App.—

Houston [14th Dist.] 1975, no writ)). Dudley Construction points to the trial court's exclusion of some telephone records because they had not been timely produced, but the record does not reflect that a different ruling would have been made if Dudley Construction's original attorney had been present or that the records' exclusion prejudiced Dudley Construction.

Based on the circumstances in the record before us, we cannot say that the trial court abused its discretion. *See id.* at 155-56 (trial court did not abuse its discretion by denying continuance on ground that lead counsel for hospital was in trial for another client in another city where attorney from same law firm represented hospital at trial, and record did not indicate lead counsel had tried to avoid scheduling conflict or had demonstrated why other case took precedence over hospital's case). We overrule Dudley Construction's second issue.

### Directed Verdict

The trial court directed a verdict and rendered judgment in favor Appellees William W. Dawson, Jr. (Dan Dawson's Dad), Hays, and Ashlock on *all* of Dudley Construction's claims (unjust enrichment, fraud, theft liability act, conversion, conspiracy, tortious interference with contractual relations, and quantum meruit) against them. It also directed a verdict in favor of Appellees Dan Dawson and Briner on Dudley Construction's claims for unjust enrichment, fraud, theft liability act, conversion, tortious interference with contractual relations, and quantum meruit, but not on the conspiracy claim. The only claim of Dudley Construction that the trial court submitted to the jury was its claim for conspiracy to breach fiduciary duty against

Appellees Dan Dawson and Briner (*i.e.*, that they conspired with Martinez to breach his fiduciary duty to Dudley Construction), and the jury found against Dudley Construction on that claim.

Dudley Construction's third issue complains that the trial court erred by entering a directed verdict on Dudley Construction's claims for quantum meruit and unjust enrichment against all the Appellees. Dudley Construction is not appealing the directed verdict in favor of Appellees William W. Dawson, Jr. (Dan Dawson's Dad), Hays, and Ashlock on its claims for fraud, theft liability act, conversion, conspiracy, and tortious interference with contractual relations. Dudley Construction is not appealing the directed verdict in favor of Appellees Dan Dawson and Rudy Briner on its claims for fraud, theft liability act, conversion, and tortious interference with contractual relations, nor is it appealing the adverse jury finding on its conspiracy claim against Appellees Dan Dawson and Briner.

In reviewing the granting of a motion for directed verdict, we follow the standards for assessing the legal sufficiency of the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 809-28 (Tex. 2005). There is legally insufficient evidence or "no evidence" of a vital fact when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *see also Prudential Ins. Co. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000) (directed verdict

proper only when evidence conclusively establishes right of movant to judgment or negates right of opponent or evidence is insufficient to raise material fact issue); *Cain v. Pruett,* 938 S.W.2d 152, 160 (Tex. App.—Dallas 1996, no writ) (directed verdict proper when evidence reflects no other verdict can be rendered and moving party is entitled to judgment as matter of law).

### *Quantum Meruit*

Quantum meruit is an equitable theory of recovery intended to prevent unjust enrichment when there is an implied agreement to pay for goods or services provided. *In re Kellogg Brown & Root,* 166 S.W.3d 732, 740 (Tex. 2005); *Vortt Exploration Co. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex. 1990). "Generally, a party may recover under quantum meruit only when there is no express contract covering the services or materials furnished." *Vortt Exploration,* 787 S.W.2d at 944. Stated another way, a party generally cannot recover under quantum meruit when there is a valid contract covering the services or materials furnished. *Murray v. Crest Constr., Inc.,* 900 S.W.2d 342, 345 (Tex. 1995). In this case, it in undisputed that each of the Appellees had an express oral contract with Martinez on their respective side jobs with him and that they paid him under those oral contracts. That precludes recovery under quantum meruit as a matter of law, and Dudley Construction makes no contrary argument. The trial court did not err in entering a directed verdict on Dudley Construction's quantum meruit claims.

### *Unjust Enrichment*

Unjust enrichment, itself, is not an independent cause of action but rather "characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise

to an implied or quasi-contractual obligation to repay." *Friberg-Cooper Water Supply Corp. v. Elledge,* 197 S.W.3d 826, 832 (Tex. App.—Fort Worth 2006, pet. filed) (quoting *Walker v. Cotter Props., Inc.,* 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.)), [*rev'd on other grounds,* 240 S.W.3d 869 (Tex. 2007)]; *Mowbray v. Avery,* 76 S.W.3d 663, 679 (Tex. App.—Corpus Christi 2002, pet. denied); *see Best Buy Co. v. Barrera,* 214 S.W.3d 66, 73 (Tex. App.—Corpus Christi 2006, pet. filed), [*rev'd on other grounds,* --- S.W.3d ---, 2007 WL 4216615 (Tex. Nov. 30, 2007)]. The doctrine applies the principles of restitution to disputes where there is no actual contract, based on the equitable principle that one who receives benefits that would be unjust for him to retain ought to make restitution. *Friberg-Cooper,* 197 S.W.3d at 832; *Mowbray,* 76 S.W.3d at 679. Unjust enrichment is not a proper remedy "merely because it 'might appear expedient or generally fair that some recompense be afforded for an unfortunate loss' to the claimant, or because the benefits to the person sought to be charged amount to a windfall." *Heldenfels Bros. Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 42 (Tex. 1992) (quoting *Austin v. Duval,* 735 S.W.2d 647, 649 (Tex. App.—Austin 1987, writ denied)); *Mowbray,* 76 S.W.3d at 679. To recover under an unjust enrichment theory, the benefits to the other party must be actually unjust under the principles of equity. *Mowbray,* 76 S.W.3d at 679; *Burlington N. R.R. v. Sw. Elec. Power Co.,* 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), *aff'd,* 966 S.W.2d 467 (Tex. 1998).

*Argyle ISD v. Wolf,* 234 S.W.3d 229, 246-47 (Tex. App.—Fort Worth 2007, no pet. h.).

Unjust enrichment is also found under circumstances in which one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros.,* 832 S.W.2d at 41. In its brief, Dudley Construction points to its allegations that the Appellees had obtained the benefit of Dudley Construction's labor and materials through fraud and taking undue advantage of Dudley Construction in their transactions with Martinez, which includes the same factual matters as the alleged conspiracy with him to breach his fiduciary duty to Dudley Construction by diverting concrete jobs.

As with our disposition of Dudley Construction's quantum meruit claim, we

note that on Dudley Construction's unjust enrichment claim, each of the Appellees had an express oral contract with Martinez on their respective side jobs and they paid him under those contracts. Thus, the equitable remedy of unjust enrichment is not applicable. *See Argyle ISD,* 234 S.W.3d at 246-47 (unjust enrichment doctrine applies principles of restitution to disputes where there is no actual contract).

Additionally, the availability of an adequate legal remedy may render equitable claims like unjust enrichment unavailable. *See Best Buy Co. v. Barrera,* --- S.W.3d ---, --- n.1, 2007 WL 4216615, at *1 n.1 (Tex. Nov. 30, 2007) (citing and quoting *BMG Direct Mktg., Inc. v. Peake,* 178 S.W.3d 763, 770 (Tex. 2005) ("Like other equitable claims and defenses, an adequate legal remedy may render equitable claims of unjust enrichment and equitable defenses of voluntary-payment unavailable.")). In this case, the trial court submitted Dudley Construction's common-law cause of action of conspiracy to breach fiduciary duty, and the jury found against Dudley Construction. That adequate legal remedy was available to Dudley Construction in its case against Appellees. Moreover, the record shows that Dudley Construction had yet another available legal remedy—a separate lawsuit pending against Martinez for his liability to Dudley Construction over the same side jobs.

Finally, unjust enrichment based on the Appellees' alleged fraudulent conduct was subsumed within, or was a close version in equity of, Dudley Construction's conspiracy claim, which was submitted to the jury. Submitting a separate jury question on unjust enrichment would have been superfluous and confusing. *See Hyundai Motor Co. v. Rodriguez,* 995 S.W.2d 661, 665-66 (Tex. 1999) (trial court should not submit

differently worded questions that call for same factual finding "to avoid confusing the jury and the possibility of inconsistent findings"); *Texas Genco, LP v. Valence Operating Co.*, 187 S.W.3d 118, 125 (Tex. App.—Waco 2006, pet. denied). For these reasons, the trial court did not err in directing a verdict on Dudley Construction's unjust enrichment claims. We overrule Dudley Construction's third issue.

### Attorney's Fees and Sanctions

We now turn to Dudley Construction's first issue, which complains that the trial court erred in awarding attorney's fees to the Appellees as sanctions. As noted above, after the trial court ordered the removal of the liens, a hearing took place on the Appellees' claim for attorney's fees and costs incurred to have the liens removed. *See* TEX. PROP. CODE ANN. § 53.156. The Appellees' attorney testified to attorney's fees and costs in the amount of $7,377.70 at that point in the litigation. The trial court deferred ruling on the Appellees' request for attorney's fees at that time.

After the jury trial on Dudley Construction's counterclaim, the Appellees filed a post-trial "motion to assess attorney's fees." It first recited the history of their motion to remove the liens and their request for attorney's fees in that motion, then it asserted that Dudley Construction's conspiracy claim "was groundless, was brought in bad faith and for the purpose of harassment." The motion sought recovery of all of the Appellees' attorney's fees. After Dudley Construction filed a response complaining that the Appellees' motion did not cite any rules or statutes, the Appellees filed an amended motion that cited section 53.126 [*sic*] for their request for attorney's fees to remove the liens and that cited for their frivolous pleading claim section 53.156 "and/or" Rule of

Civil Procedure 13 "and/or" chapter 10 of the Civil Practice and Remedies Code.

Because the trial judge recused himself, an assigned judge presided over the Appellees' motion to assess attorney's fees. After a hearing, the assigned judge granted the motion, and an award of attorney's fees on the Appellees' motion was incorporated in the judgment "based on Section 53.156 of the Property Code, and/or Chapter 10 of the Civil Practices & Remedies Code, and/or Rule 13, Texas Rules of Civil Procedure."[2] The judgment awarded attorney's fees as follows: $35,259.93 through entry of judgment; $12,500 in the event of an unsuccessful appeal; $10,000 in the event of an unsuccessful petition for review, and $7,500 in the event oral argument is presented on an unsuccessful petition for review.

The assigned judge issued findings of fact and conclusions of law, and the judgment closely tracked the language of the findings and conclusions. The summarized findings or conclusions are:

1. The Appellees filed the case to invalidate the liens wrongfully filed by Dudley Construction on their homesteads.
2. Dudley Construction's counterclaim sought to establish and foreclose liens on the Appellees' homesteads.
3. The liens were invalid and ordered stricken.
4. The entire case was "of the type" referenced in section 53.156 of the Property Code.
5. [Actual amounts of attorney's fees awarded, as noted above].
6. The amounts are both equitable and just.
7. Dudley Construction's filing liens against the Appellees' homesteads

---

[2] Trial courts should eschew "and/or" language like that used in the judgment to identify the legal bases for a sanctions award. For notice purposes and for more efficient appellate review, trial courts should precisely specify the legal basis for sanctions, rather than providing a "shotgun" or "cover-all-the bases" approach.

intended to harass them [as follows:[3]]

8. Dudley Construction's filing liens against the Appellees' homesteads without written and signed contracts is contrary to Texas law.
9. Dudley Construction's liens were fraudulent under section 51.901 of the Government Code.
10. Dudley Construction refused to release the liens after receiving written demand delivered to it under section 32.49 of the Penal Code.
11. The specific dollar amounts claimed as due in the liens were not supported by systematically kept records.
12. The specific dollar amounts in a sworn affidavit in the separate case against Martinez were for substantially different amounts than the amounts sworn to in the liens.
13. The amounts claimed in a sworn affidavit in the separate case against Martinez were merely estimates of the amounts that Dudley Construction would have charged had it done the jobs at issue.
14. As to Appellees Hays, Ashlock, and William W. Dawson (Dan Dawson's Dad), no credible evidence was introduced showing that they conspired to defraud Dudley Construction.

### Property Code Section 53.156

Section 53.156 of the Property Code provides:  "In any proceeding to foreclose a lien . . . or in any proceeding to declare that any lien or claim is invalid or unenforceable in whole or in part, the court may award costs and reasonable attorney's fees as are equitable and just."  TEX. PROP. CODE ANN. § 53.156.  We review an award of attorney's fees under a statute such as section 53.156 for an abuse of discretion.  *See, e.g., Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex. 1998); *cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 1997) (under Declaratory Judgments Act, trial court may award "reasonable and necessary attorney's fees as are equitable and just").  "Whether to award attorney's fees, and to which party, is a decision that is solely within the trial court's discretion and will not be reversed absent a clear abuse of that discretion."  *Sammons v. Elder*, 940

---

[3]  In the judgment, the assigned judge identified findings 8 to 14 as evidence of Dudley Construction's intent to harass.

S.W.2d 276, 284 (Tex. App.—Waco 1997, writ denied).

The determination of whether a trial court abused its discretion is a question of law. *Jackson v. Van Winkle*, 660 S.W.2d 807, 810 (Tex. 1983), *overruled in part on other grounds by Moritz v. Preiss*, 121 S.W.3d 715, 721 (Tex. 2003). A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or when it misapplies the law to the established facts of the case. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). "A trial court has no discretion to determine what the law is or in applying the law to the facts and, consequently, the trial court's failure to analyze or apply the law correctly is an abuse of discretion." *In re American Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001).

Dudley Construction asserts that the assigned judge abused his discretion in awarding attorney's fees and costs under section 53.156 for fees and costs incurred after the trial court found the liens invalid and ordered them stricken on March 10, 2004. We agree. On March 24, 2004, the trial court held a hearing on the Appellees' request for attorney's fees and costs under section 53.156, and the Appellees' attorney testified to attorney's fees and costs in the amount of $7,377.70. In its brief, Dudley Construction does not dispute that the "Appellees were entitled to reasonable attorney's fees in their efforts to remove the liens on their respective properties." (Appellant's Brief at 21).

Dudley Construction argues that once the trial court found the liens invalid and ordered them stricken in the Appellees' section 53.160 summary-motion proceeding, no proceeding to foreclose on a lien or to declare a lien invalid was pending and the

Appellees could not recover attorney's fees under section 53.156 in defending Dudley Construction's common-law and equitable counterclaims. We agree, as did the trial court before recusal occurred: At a January 23, 2006 hearing on the Appellees' motion for attorney's fees, the trial court stated that, upon the liens being held unenforceable, "The way I view it at that point in time, I basically took it [the lien issue in the case] out of the Property Code. . . ."

The Appellees argued then and argue now that because Dudley Construction left language seeking to establish liens on the Appellees' properties in its counterclaim, the lien issue remained in the case. The trial court did not necessarily agree with the Appellees, but the assigned judge apparently did with his conclusion that the entire case was "of the type" referenced in section 53.156 of the Property Code. The language in Dudley Construction's pleading was an alternative request for the imposition of and foreclosure on a judicial equitable lien and a constructive trust to enable Dudley Construction to recover damages. That pleading language, however, even if construed as a "proceeding to foreclose a lien" as required by section 53.156, does not fall within the ambit of section 53.156 because judicial or equitable liens are not governed by Title 5, Subtitle B of the Property Code, which section 53.156 is a part of. *See* TEX. PROP. CODE ANN. § 51.001(2) (Vernon 2007) ("this subtitle does not affect . . . a lien that is not treated in this subtitle, include a lien arising under common law, in equity").

In conclusion, because the trial court ruled that Dudley Construction's liens were invalid and ordered them stricken, thus taking them out of the case, and because the request for the imposition of and foreclosure on a judicial equitable lien is not governed

by section 53.156, the assigned judge abused his discretion by misapplying the law in his conclusion that the *entire* proceeding was of the type referenced in section 53.156. We hold that the Appellees cannot recover attorney's fees and costs under section 53.156 for the litigation that continued after the trial court's March 10, 2004 order declaring the liens invalid and ordering their removal. But because the trial court held a hearing and received evidence of attorney's fees and costs at the conclusion of the section 53.160 summary-motion proceeding, we hold that the Appellees are entitled to recover attorney's fees and costs in the amount of $7,377.70 under section 53.156.

### Rule 13 Sanctions

Imposing Rule 13 sanctions is within the trial court's sound discretion. *Monroe v. Grider,* 884 S.W.2d 811, 816 (Tex. App.—Dallas 1994, writ denied). Accordingly, we review a trial court's order for Rule 13 sanctions under an abuse of discretion standard. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004).

Rule 13 authorizes a trial court to impose sanctions against an attorney, a represented party, or both, who file a groundless pleading brought in bad faith or brought for the purpose of harassment. TEX. R. CIV. P. 13. "The imposition of Rule 13 sanctions involves the satisfaction of a two-part test. First, the party moving for sanctions must demonstrate that the opposing party's filings are groundless, and second, it must be shown that the pleadings were filed either in bad faith or for the purposes of harassment." *Estate of Davis v. Cook,* 9 S.W.3d 288, 297 (Tex. App.—San Antonio 1999, no pet.).

Rule 13 directs a trial court to presume that a pleading was filed in good faith.

TEX. R. CIV. P. 13; *GTE Comm. Sys. v. Tanner,* 856 S.W.2d 725, 731 (Tex. 1993). "Thus, the burden is on the party moving for sanctions to overcome this presumption." *Tanner,* 856 S.W.2d at 731. A groundless pleading is not sanctionable unless it *also* was brought in bad faith or for the purpose of harassment. *Id.*

Rule 13 also provides: "No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order." TEX. R. CIV. P. 13; *see Appleton v. Appleton,* 76 S.W.3d 78, 86 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("the trial court is required to make particularized findings of good cause justifying the sanctions"). In reviewing an award of sanctions, we ordinarily look to the particulars of good cause set out in the sanction order. *Woodward v. Jaster,* 933 S.W.2d 777, 782 (Tex. App.—Austin 1996, no writ).

Dudley Construction asserts that because the assigned judge did not make a specific finding that Dudley Construction's counterclaims were groundless, the assigned judge abused his discretion in imposing sanctions under Rule 13. We partially agree. In setting out its good cause findings with particularity, the trial court must find the pleading groundless as part of the two-part test. *See Tanner,* 856 S.W.2d 731 (to be sanctionable, pleading must be groundless and *also* brought in bad faith or for the purpose of harassment); *Estate of Davis,* 9 S.W.3d at 297 ("First, the party moving for sanctions must demonstrate that the opposing party's filings are groundless, . . . "); *Karlock v. Schattman,* 894 S.W.2d 517, 522 (Tex. App.—Fort Worth 1994, orig. proceeding) ("The trial court must find that the pleadings are in fact groundless and brought in bad faith or to harass."); *McCain v. NME Hosps., Inc.,* 856 S.W.2d 751, 757

(Tex. App.—Dallas 1993, no writ) ("The trial court must find that the pleadings are in fact groundless *and* were brought in bad faith or to harass.").

In their amended motion to assess attorney's fees, the Appellees identified Dudley Construction's conspiracy claim as the pleading in question, and in his findings and conclusions, the assigned judge found or concluded: "As to Steven Clark Hays, James K. Ashlock, and William W. Dawson (Dan Dawson's Dad), no credible evidence was introduced showing that they conspired to defraud R. M. Dudley Construction Company, Inc." It is therefore clear that, if the assigned judge found a claim groundless and sanctionable under Rule 13, it was Dudley Construction's conspiracy claim. We will therefore apply Rule 13's groundlessness test to the pleading of that claim.

Rule 13 defines "groundless" as having "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.* In determining whether sanctions are appropriate, the trial court must examine the facts available to the litigant and the circumstances existing when the litigant filed the pleading. *Alejandro v. Bell,* 84 S.W.3d 383, 392 (Tex. App.—Corpus Christi 2002, no pet.). The trial court uses an objective standard to determine if a pleading was groundless: did the party and counsel make a reasonable inquiry into the legal and factual basis of the claim? *In re United Servs. Auto Ass'n,* 76 S.W.3d 112, 115 (Tex. App.—San Antonio 2002, orig. proceeding).

Because of the assigned judge's finding or conclusion that Dudley Construction did not introduce any credible evidence that Hays, Ashlock, and William W. Dawson (Dan Dawson's Dad) conspired to defraud Dudley Construction, we know that the

assigned judge plainly did not apply Rule 13's groundlessness test.[4]  This misapplication of the law is an abuse of discretion.  *See In re American Homestar,* 50 S.W.3d at 483 ("trial court's failure to analyze or apply the law correctly is an abuse of discretion").  Without a proper groundlessness finding under Rule 13, the Appellees cannot recover attorney's fees as sanctions under Rule 13, and any recovery under Rule 13 would be an abuse of discretion.

### Civil Practice and Remedies Code Chapter 10 Sanctions

Sanctions can be ordered for a violation of section 10.001.  TEX. CIV. PRAC. & REM. CODE ANN. § 10.002(a) (Vernon 2002).  The assigned judge's findings and the judgment reflect that sanctions were ordered under sections 10.001(1) and 10.001(3).  Under section 10.001, signing a pleading or motion constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

> (1) the *pleading or motion* is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> . . .
> (3) each allegation or other factual contention in the *pleading or motion* has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

*Id.* § 10.001(1), (3) (emphases added).

Sanctions under chapter 10 are reviewed for abuse of discretion.  *Low v. Henry,* 221 S.W.3d 609, 614 (Tex. 2007).  Rule 13 directs a trial court to presume that a pleading

---

[4]  In response to the motion to assess attorney's fees, Dudley Construction filed Mark Dudley's affidavit detailing his factual investigation that formed the basis of Dudley Construction's claims.

was filed in good faith. TEX. R. CIV. P. 13; *Tanner,* 856 S.W.2d at 731. "Thus, the burden is on the party moving for sanctions to overcome this presumption." *Tanner,* 856 S.W.2d at 731. The Appellees, as the movants for sanctions, had the burden of proving violations of sections 10.001(1) and 10.001(3).

Chapter 10, by its own terms, is limited to frivolous pleadings and motions: "The signing of a pleading or motion . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 10.001; *see Low,* 221 S.W.3d at 614. The affidavits claiming liens that Dudley Construction filed with the county clerk of Brazos County are not pleadings or motions.

It is unclear whether the assigned judge imposed sanctions for a violation of section 10.001(1) with respect to Dudley Construction's counterclaim to establish and foreclose on the liens, or with respect to Dudley Construction's filing of affidavits claiming liens. The findings and conclusions refer to the counterclaim and then to the liens, and the judgment's principal references to the liens are to highlight how they played a role in Dudley Construction's intent to harass the Appellees. The findings and the judgment do not expressly find or conclude that Dudley Construction's counterclaim was intended to harass the Appellees. To the contrary, the judgment, after reciting the case's procedural history, "concludes and finds that R.M. Dudley Construction Company, Inc. intended to harass the Plaintiffs/Counter-Defendants for any one of the following reasons: . . ." Those following reasons are Findings 8 to 14, set forth above. Therefore, to the extent that the assigned judge's findings and judgment assessed chapter 10 sanctions for the filing of the lien affidavits because their filing by Dudley Construction was intended to harass the Appellees, in violation of section

10.001(1), the assigned judge abused his discretion by not correctly applying the law.

Regardless, if Dudley Construction's counterclaim was the offending pleading, sanctions under section 10.001(1) fail for another reason. A trial court must hold an evidentiary hearing to make the necessary factual determinations about the party's or attorney's motives and credibility. *Alejandro v. Robstown ISD,* 131 S.W.3d 663, 670 (Tex. App.—Corpus Christi 2004, no pet.); *see, e.g., Low,* 221 S.W.3d at 613, 617 (referring to trial court's evidentiary hearing on motion for chapter 10 sanctions); *Trantham v. Isaacks,* 218 S.W.3d 750, 752, 755-56 (Tex. App.—Fort Worth 2007, pet. denied) (same), *cert. denied,* 128 S.Ct. 340 (2007); *Law Offices of Windle Turley, P.C. v. French,* 164 S.W.3d 487, 491-92 (Tex. App.—Dallas 2005, no pet.) (same). Without such an evidentiary hearing, the trial court has no evidence before it to determine that a pleading was filed in bad faith or to harass. *Robstown ISD,* 131 S.W.3d at 670; *Karlock,* 894 S.W.2d at 523. The party moving for sanctions must prove the pleading party's subjective state of mind. *Brozynski v. Kerney,* 2006 WL 2160841, at *4 (Tex. App.—Waco Aug. 2, 2006, pet. denied) (citing *Mattly v. Spiegel, Inc.,* 19 S.W.3d 890, 896 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). In the case of section 10.001(1), the movant must show, and the court must describe and explain, that the pleading was filed for the improper purpose of harassment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1); *id.* § 10.005 ("A court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed.").

Evidence must be admitted under the rules of evidence at the evidentiary

hearing for a trial court to consider it in a sanctions context. *Bell*, 84 S.W.3d at 393; *see McCain*, 856 S.W.2d at 757 (motions and arguments of counsel are not evidence in a sanctions hearing context). The pleading alone cannot establish that the represented party or its attorney brought their case in bad faith or to harass. *McCain*, 856 S.W.2d at 757.

At the hearing on the Appellees' motion to assess attorney's fees as sanctions, the Appellees requested that the assigned judge take judicial notice of the file and include the evidence from the jury trial as a part of the record of the hearing. The assigned judge, however, presided over only this one hearing, and the only evidence filed for the Appellees' motion was Dudley's affidavit that detailed his pre-suit investigation.

In some circumstances, a trial court may take judicial notice of the case file for purposes of ruling on a sanctions motion. *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 667 (Tex. App.—Dallas 2003, no pet.) (citing *Tex.-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 139 (Tex. App.—Texarkana 2000, no pet.) (noting that, under some circumstances, trial court may be able to make determination regarding motives and credibility of person signing petition by taking judicial notice of items in case file)); *see also Walston v. Lockhart*, 2005 WL 428433, at *3 (Tex. App.—Waco Feb. 23, 2005, pet. denied); *cf. Emmons v. Purser*, 973 S.W.2d 696, 701 (Tex. App.—Austin 1998, no pet.) (reversing sanctions order and noting that parties were present at hearing but weren't called to testify, and although court took judicial notice of case file, nothing in case file proved bad faith or harassment). But this case is not a circumstance where the assigned judge could take judicial notice of the case file and include the trial evidence—which the assigned judge heard none of—as a

part of the evidentiary record on the Appellees' motion for attorney's fees as sanctions.

Except for Dudley's uncontroverted affidavit,[5] the assigned judge had no evidence before him to determine Dudley's motives and credibility in filing Dudley Construction's counterclaim. With no evidence that Dudley Construction's counterclaim was filed to harass the Appellees, the assigned judge's award of attorney's fees as sanctions under section 10.001(1) is an abuse of discretion.

The only other finding that could support the imposition of chapter 10 sanctions is Finding 14, which states that, as to Appellees Hays, Ashlock, and William W. Dawson (Dan Dawson's Dad), "no credible evidence was introduced showing that they conspired to defraud" Dudley Construction. The applicable standard in section 10.001(3) is that, to the signatory's best knowledge, information, and belief, formed after reasonable inquiry, each allegation or other factual contention in a pleading has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(3). Case law under Rule 13 is instructive in interpreting section 10.001(3). *Griffin Indus. v. Grimes*, 2003 WL 1911993, at *4-6 (Tex. App.—San Antonio April 23, 2003, no pet.).

In determining whether a party conducted a reasonable inquiry, the facts and evidence available to the party and the circumstances existing when the party filed the pleading must be examined. *See Estate of Davis*, 9 S.W.3d at 297; *Karagounis v. Property*

---

[5] Dudley's affidavit details his thorough pre-suit investigation and includes alleged admissions of wrongdoing by all five Appellees, three of whom allegedly admitted wrongdoing to Dudley. Dudley's affidavit contains no evidence of an intent to harass.

*Co. of Am.,* 970 S.W.2d 761, 764 (Tex. App.—Amarillo 1998, pet. denied) ("the circumstances pivotal to the determination of whether sanctions should issue are those in existence at the time the pleading in question was signed and filed"); *see, e.g., Low,* 221 S.W.3d at 616-17 (court evaluated attorney's inquiry and knowledge as of time of lawsuit's filing). Sanctions for frivolous or groundless pleadings do not apply to the pursuit of an action later determined to be groundless after pleadings were filed. *Overman v. Baker,* 26 S.W.3d 506, 509 (Tex. App.—Tyler 2000, no pet.); *Karagounis,* 970 S.W.2d at 764 (Rule 13 "says nothing about levying sanctions if one pursues an action or pleading thought legitimate when filed but subsequently found baseless").

On Dudley Construction's conspiracy claim against Appellees Hays, Ashlock, and William W. Dawson (Dan Dawson's Dad), the assigned judge's finding fails to apply section 10.001(3)'s standard, and it also does not provide the proper temporal link to the offending pleading. Therefore, any sanction under section 10.001(3) is an abuse of discretion.

We sustain Dudley Construction's first issue in part and overrule it in part. To the extent the assigned judge sanctioned Dudley Construction under Rule 13 or chapter 10 or awarded attorney's fees under section 53.156 for the litigation that continued after the trial court's March 10, 2004 order declaring the liens invalid and ordering their removal, he abused his discretion. And because this appeal is part of the litigation that continued after March 10, 2004 and Dudley Construction has not appealed the trial court's order finding the liens invalid and ordering their removal, the Appellees cannot recover additional attorney's fees for this appeal under section 53.156.

The Appellees are only entitled to recover attorney's fees and costs in the amount of $7,377.70 under section 53.156, and we modify the judgment to provide that the Appellees shall recover that sum from Dudley Construction.

## Conclusion

We modify the judgment to find that the Appellees shall recover from Dudley Construction $7,377.70 as attorney's fees and court costs. As modified, the judgment is affirmed.


BILL VANCE
Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray dissents. A separate opinion will not issue.)
Affirmed as modified
Opinion delivered and filed May 28, 2008
[CV06]