*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00596-CV

Tanya **BELL**,
Appellant

v.

**WILLOW CREEK CAFÉ** and Angela Crouch-Jisha,
Appellees

From the 198th Judicial District Court, Mason County, Texas
Trial Court No. 85146
Honorable Emil Karl Prohl, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Steven C. Hilbig, Justice

Delivered and Filed: April 14, 2010

AFFIRMED IN PART, REVERSED AND RENDERED IN PART

This is an appeal from a judgment on a jury verdict entered against Appellant Tanya Bell and in favor of Appellees Willow Creek Café and Angela Crouch-Jisha. With respect to the award of damages to Willow Creek Café and Crouch-Jisha, we reverse the trial court's judgment and render judgment that Willow Creek Café and Crouch-Jisha take nothing against Tanya Bell. With respect to all other aspects of the judgment, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Tanya Bell, an African American, was employed as a cook by Angela Crouch-Jisha, owner of Willow Creek Café. Bell filed suit against Crouch-Jisha and Willow Creek Café following a February 9, 2007, incident in which Bell was accused of stealing $100 from a purse left behind by a customer.

In her petition, Bell alleged that she found the purse and showed it to other employees, one of whom opened the purse and found a $100 bill. When the customer returned to claim her purse, the $100 bill was missing. Bell alleged that when Crouch-Jisha was called to the restaurant to resolve the matter, Crouch-Jisha conducted a strip search of Bell and touched her on her buttocks. Further, Bell alleged that Crouch-Jisha searched Bell's car. According to Bell's pleading, no other employees were subjected to such treatment. Bell sued Crouch-Jisha and Willow Creek Café for (1) racial harassment and hostile work environment; (2) constructive discharge; (3) assault and battery; (4) false imprisonment; and (5) intentional infliction of emotional distress.

In their First Amended Original Answer, Crouch-Jisha and Willow Creek Café denied Bell's allegations and, as to Crouch-Jisha, included a "cross-action" against Bell for intentional infliction of emotional distress.[1] Although the "cross-action" was phrased as a cause of action for intentional infliction of emotional distress, the pleading primarily focused on Bell's alleged filing of a frivolous lawsuit against Crouch-Jisha. Also, as part of her pleading, Crouch-Jisha included a motion for

---

[1] Although Crouch-Jisha referred to the pleading as a "cross-action," it is apparent she intended to file a "counter-claim" against Bell. *See* TEX. R. CIV. P. 97 (explaining that a counter-claim is an action filed against any opposing party, and a cross-claim is an action filed against a co-party). Indeed, in its order dated December 15, 2009, the trial court found that the cross-action "is in fact a mis-nomer for a Counter-Claim."

sanctions pursuant to chapters 9 and 10 of the Civil Practices and Remedies Code, alleging she was entitled to receive necessary expenses, including attorney's fees.

In response to Crouch-Jisha's "cross-action," Bell filed a motion to strike Crouch-Jisha's "cross-action" and a no-evidence motion for summary judgment as to the "cross-action." Crouch-Jisha responded and, after a hearing, the trial court denied Bell's motions.

The case was then tried before a jury. After hearing evidence, the trial court submitted the charge to the jury. Neither party lodged objections to the charge. In the charge, the jury was asked whether Bell was subjected to racial harassment in her work; was constructively discharged; was subjected to battery; was subjected to false imprisonment; or was subjected to intentional infliction of emotional distress. The jury answered "no" to each question.

The jury was then asked whether Bell conducted a reasonable inquiry into the allegations against Crouch-Jisha; if not, whether Crouch-Jisha suffered mental anguish as a result; if so, what amount of money would compensate Crouch-Jisha; whether Bell acted recklessly in bringing suit against Crouch-Jisha; if so, what amount of money in exemplary damages should be awarded; and what reasonable amount of attorney's fees should be awarded to Crouch-Jisha. The jury found against Bell on each of these issues, awarding Crouch-Jisha "mental anguish" damages totaling $20,860: $16,560 for attorney's fees, $1,000 for court costs, $2,300 for deposition costs, and $1,000 in exemplary damages. The jury, however, awarded Crouch-Jisha zero dollars in "mental anguish" damages for worry, stress, anger, and humiliation, and zero dollars for lost income. But, in answer to a separate question on attorney's fees, the jury awarded Crouch-Jisha $18,860. The trial court then signed a final judgment that Bell take nothing and that Willow Creek Café and Crouch-Jisha recover

$20,860 from Bell.[2] Thus, it appears the trial court considered the jury's answers regarding attorney's fees duplicative, disregarded the $20,860 jury finding, and only made one attorney's fee award to Crouch-Jisha and Willow Creek Café.

After Bell's motion for new trial or, in the alternative, for remittitur, was denied, she filed a notice of appeal. On appeal, Bell asserts two issues: (1) the trial court erred in denying her motion for summary judgment with respect to Crouch-Jisha's "cross-action"; and (2) the evidence was insufficient to support the jury's verdict awarding damages to Crouch-Jisha and Willow Creek Café for attorney's fees and mental anguish.

### DISCUSSION

*A.      Appeal of Denial of Motion for Summary Judgment*

In her first issue on appeal, Bell argues the trial court erred in denying her no-evidence motion for summary judgment with respect to Crouch-Jisha's "cross-action" against her. The denial of a motion for summary judgment, however, is not reviewable on appeal. *See Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966) (stating the general rule that an order overruling a motion for summary judgment is not subject to review upon appeal). "[W]here a motion for summary judgment is denied by the trial judge, and the case is tried on its merits, the order denying the motion for summary judgment is not reviewable on appeal." *Orozco v. Orozco*, 917 S.W.2d 70, 72 (Tex. App.—San Antonio 1996, writ denied). Although there are some judicially-created and statutorily-authorized exceptions to the rule, *see* TIMOTHY PATTON, SUMMARY JUDGMENTS IN

---

[2] We note that although the jury awarded damages only to Crouch-Jisha, the trial court's judgment awarded damages to both Crouch-Jisha and Willow Creek Café.

TEXAS, § 801[3][b]-[c] (3d ed. 2009), Bell does not contend nor do we find any of those exceptions to be applicable to the case herein. Thus, we overrule Bell's first issue.

*B.       Sufficiency of the Evidence to Support Award for Attorney's Fees and Mental Anguish*

Bell urges in her second issue that "[t]he jury's verdict in favor of defendants and assessing damages on defendant's cross-action for attorney's fees and damages was contrary to the overwhelming evidence presented at trial." Bell includes several sub-points, with arguments, within this issue: (1) Bell's claims were meritorious and not frivolous; (2) Crouch-Jisha's claim for intentional infliction of emotional distress was not supported by the evidence; (3) Crouch-Jisha's claim for mental anguish as it related to her claim for intentional infliction of emotional distress was not supported by the evidence; (4) the jury deliberated a very short time before asking a question and returning a verdict; (5) the jury considered information not in the record and their short deliberation time shows they were influenced by improper considerations based on passion and/or prejudice; (6) there was no evidence to support the jury's responses to the questions in the court's charge; and (7) attorney's fees can only be awarded in an employment discrimination lawsuit if the employer shows the lawsuit was frivolous, groundless and totally without merit.[3]

Although Bell's second issue is couched in terms indicating she is complaining only of factual insufficiency, some of her arguments nevertheless indicate she is also complaining that the evidence is legally insufficient. In reviewing a legal sufficiency challenge to the evidence, we credit evidence that supports the verdict if reasonable jurors could have done so and disregard contrary evidence unless reasonable jurors could not have done so. *Akin, Gump, Strauss, Hauer & Feld,*

---

[3] Bell's sub-issues are numbered beginning with (2) and ending with (8). For the sake of clarity, we have re-numbered Bell's sub-issues beginning with (1) and ending with (7).

*L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A legal sufficiency challenge "will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Akin, Gump*, 299 S.W.3d at 115 (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Evidence does not exceed a scintilla if it is so weak as to do no more than create a mere surmise or suspicion that the fact exists." *Akin, Gump*, 229 S.W.3d at 115 (quoting *Kroger Tex., Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006)).

In sub-issues (1) and (6), Bell argues that the evidence was factually and legally insufficient to support the jury's findings awarding damages to Crouch-Jisha. Included within these arguments is the assertion that there was no evidence in the record to support the jury's finding that Bell failed to "conduct a reasonable inquiry into the allegations." We conclude that Bell is correct that there is no evidence to support the failure to conduct a reasonable inquiry jury finding and, therefore, the judgment awarding damages against Bell must be reversed. However, it is necessary at this point to clarify how we reached this conclusion.

In her counter-claim against Bell, Crouch-Jisha alleged a cause of action for intentional infliction of emotional distress. The court's charge did not, however, include any issues wherein Crouch-Jisha could recover for intentional infliction of emotional distress. Thus, regardless of whether there was evidence to prove such cause of action, there was no jury finding to authorize any recovery for intentional infliction of emotional distress.

Crouch-Jisha also included in her pleading a motion for sanctions pursuant to chapters 9 and 10 of the Texas Civil Practice and Remedies Code. And, the court's charge included a question asking whether Bell failed to conduct a reasonable inquiry into the allegations against Crouch-Jisha. It is apparent this question is referring to section 10.001(3) of the Texas Civil Practice and Remedies Code, which states that the signing of a pleading constitutes a certificate by the signatory that, after reasonable inquiry, each allegation or factual contention in the pleading has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(3) (Vernon 2002). Section 10.004 allows a trial court to impose sanctions on a person or party who has violated section 10.001. *Id.* § 10.004(a). Such sanction may include "an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees." *Id.* § 10.004(c)(3).

Because we generally presume that parties filed their pleadings in good faith, the party seeking sanctions has the burden to overcome the good-faith presumption. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). And, the circumstances existing at the time the pleading was filed is determinative, not those existing at the time of the sanctions hearing. *See Shaw v. County of Dallas*, 251 S.W.3d 165, 171 (Tex. App.—Dallas 2008, pet. denied). The party moving for sanctions has the burden of proving the pleading party's subjective state of mind. *See R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 710 (Tex. App.—Waco 2008, pet. denied).

Chapter 10 specifically places the duty on the court to hold an evidentiary hearing and make factual determinations about the party's or attorney's motives and credibility. *Id.* at 709. It does not provide for the jury to make such determinations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.004

(Vernon 2002). Thus, in the case herein, rather than including the issue in the jury charge, Crouch-Jisha should have requested the trial court to make the sanctions findings. As previously stated, however, neither party objected to the court's charge, which improperly placed the burden on the jury to make such determination. We note that if we were reviewing the trial court's findings imposing sanctions under chapter 10, we would be doing so under an abuse of discretion standard. *See Dawson*, 258 S.W.3d at 709. However, because the parties in this case submitted the issue, without objection, to the jury, and because Bell is not claiming any charge error, we must review Bell's complaint under a legal sufficiency standard. Under a legal sufficiency standard, there must be some evidence in the record from which reasonable jurors could conclude that Bell failed to conduct a reasonable inquiry into the allegations against Crouch-Jisha before filing her lawsuit. *See Akin, Gump*, 299 S.W.3d at 115. However, upon a thorough review of the record, we find no evidence to support the jury's finding that Bell failed to make a reasonable inquiry into the allegations against Crouch-Jisha.

As stated earlier, the trial court did not conduct a sanctions hearing; thus, there was no evidence directly related to whether Bell made a reasonable inquiry into the allegations against Crouch-Jisha. Instead, we have only the evidence at trial available to review. The evidence at trial essentially focused on Bell's employment with Willow Creek Café and, more specifically, the incident occurring on the night of February 9, 2007. While there were certainly discrepancies between the various witnesses' testimony, there is nothing to indicate Bell failed to conduct a reasonable inquiry into the allegations against Crouch-Jisha before filing her lawsuit. That her version of the event differs from other witnesses' versions does not necessarily indicate she failed to ensure her allegations had a factual basis.

In her brief, Crouch-Jisha points to evidence she claims supports the jury's finding that Bell failed to conduct a reasonable inquiry. Crouch-Jisha, however, merely refers to the testimony of witnesses whose testimony conflicted with Bell's testimony regarding the event in question. Therefore, we conclude that the evidence is legally insufficient to show that Bell failed to conduct a reasonably inquiry into the allegations against Crouch-Jisha before filing her lawsuit.[4]

## CONCLUSION

With respect to the award of damages to Willow Creek Café and Crouch-Jisha, we reverse the trial court's judgment and render that Willow Creek Café and Crouch-Jisha take nothing against Tanya Bell. With respect to all other aspects of the judgment, we affirm.


Karen Angelini, Justice

---

[4] Having held that there was legally insufficient evidence to support any damages being awarded to Crouch-Jisha and Willow Creek Café, we need not reach Bell's remaining sub-issues.