# NO. 12-09-00390-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRUSSELL INSURANCE SERVICES, INC. AND EMPLOYMENT MANAGEMENT SERVICE, LLC, APPELLANTS* | *§* | *APPEAL FROM THE 273RD* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *IMAGE SOLUTIONS, INC., APPELLEE* | *§* | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Trussell Insurance Services, Inc. and Employment Management Services, L.L.C. (collectively Trussell) appeal the trial court's order denying their motion for sanctions against Image Solutions, Inc (Image). In two issues, Trussell argues that the trial court erred in denying its motion for sanctions. We affirm.

## BACKGROUND

Gregory Landry worked for Image as a leased employee. When Landry was injured on the job, he filed suit against Image and others. In his petition, Landry alleged that Image was a nonsubscriber for purposes of the workers' compensation statute and its defenses. Image was a client company of USA Staffing, Inc., the staff leasing company who had leased Landry to Image. USA obtained workers' compensation insurance from Financial Insurance Company of America (FICA). Trussell Insurance Services, Inc. acted as broker and procured the workers' compensation insurance for USA from FICA and was paid a commission by FICA. FICA was later declared insolvent and put into receivership. The Texas Property & Casualty Insurance Guaranty Fund (TPCIGA) took over the handling of claims made under FICA issued policies. After Landry filed suit, Image tendered the Landry suit to TPCIGA seeking defense and indemnity. TPCIGA denied coverage to Image.

Thereafter, Image filed its third party claims against Trussell for breach of contract and negligence for Trussell's alleged failure to procure valid workers' compensation insurance for USA. Trussell answered and filed a counterclaim seeking sanctions under Texas Rule of Civil Procedure 13. Trussell later amended its counterclaim to include requests for sanctions under Texas Civil Practices and Remedies Code, chapter 10, and Texas Insurance Code, section 541.153.

Subsequently, Trussell filed a motion for summary judgment seeking the dismissal of Image's third party claims and judgment on its counterclaim. In its response, Image noted that the trial court was required to conduct an evidentiary hearing on a party's request for sanctions. In its reply, Trussell agreed with Image's assertion concerning the necessity of an evidentiary hearing and stated that it would have the matter set for an evidentiary hearing. In May 2008, the trial court denied Trussell's motion for summary judgment. There is no indication that Trussell sought to have its motion for sanctions set for an evidentiary hearing before the trial court denied its motion.

After Landry settled his claims against Image, Image filed a motion for summary judgment, alternatively styled as a motion to dismiss regarding Trussell's counterclaims. Trussell responded and, among other things, argued that the motion for summary judgment should be denied and the alternatively styled motion to dismiss should be continued until an evidentiary hearing was conducted. As part of its response, Trussell requested that the trial court "conduct an evidentiary hearing on its counterclaim immediately after the conclusion of the jury trial of Image's claims against [it]."

On October 2, 2009, the trial court conducted a telephonic hearing on Image's motion for summary judgment. There is no indication in the record that Trussell (1) sought a ruling on its objection to this nonevidentiary hearing concerning its request for sanctions or (2) sought a continuance of the hearing pursuant to Texas Rule of Civil Procedure 250. Rather, the record reflects that Trussell participated in the telephonic hearing. The trial court granted Image's motion, and Image thereafter nonsuited its third party claims against Trussell. This appeal followed.

## DISCUSSION

In its first and second issues, Trussell argues that the trial court erred in granting Image's motion for summary judgment and denying its motion for summary judgment.

2

From its genesis, this case was procedurally unusual because Trussell brought its motion for sanctions as a counterclaim. A request for sanctions is not an independent cause of action. *See **Mantri v. Bergman***, 153 S.W.3d 715, 717 (Tex. App.–Dallas 2005, pet. denied). On the surface, this misnomer in pleading does not appear to be so problematic because we consider the substance of Trussell's pleading over its form. *See* TEX. R. CIV. P. 71; ***State Bar v. Heard***, 603 S.W.2d 829, 833 (Tex. 1980). Consequently, on appeal, we will consider Trussell's counterclaim as a motion for sanctions. Yet the parties, throughout several years of proceedings in the trial court, continued to treat Trussell's motion for sanctions as if it were a cause of action, and each filed motions for summary judgment pertaining to it. The matter became even more unusual when the parties acknowledged that the trial court was required to hold an evidentiary hearing before determining the sanctions issue. Ultimately, as Trussell noted at oral argument before this court, no such evidentiary hearing ever took place.

**Standard of Review and Governing Law**

We review a trial court's decision to grant or deny a motion for sanctions under an abuse of discretion standard. *See **Herring v. Welborn***, 27 S.W.3d 132, 143 (Tex. App.–San Antonio 2000, pet. denied); ***Griffin Industries v. Grimes***, No. 04-02-00430-CV, 2003 WL 1911993, at *3 (Tex. App.–San Antonio Apr. 23, 2003, no pet.) (not designated for publication); ***Bug Master Exterminating Svc., Inc. v. Abash Exterminating, Inc.***, No. 03-02-00048-CV, 2002 WL 31890819, at *2 (Tex. App.–Austin Dec. 31, 2002, no pet.) (not designated for publication). Our analysis of a motion for sanctions filed under Texas Civil Practice and Remedies Code, chapter 10, is the same as our review of a motion filed under Texas Rule of Civil Procedure 13. *See **Low v. Henry***, 221 S.W.3d 609, 614 (Tex. 2007).[1] An appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.*

Chapter 10 of the Texas Civil Practice and Remedies Code and rule 13 of the Texas Rules of Civil Procedure allow a trial court to sanction an attorney or a party for filing motions or pleadings that lack a reasonable basis in fact or law. *Id.* Chapter 10 provides, in pertinent part, as follows:

---

[1] On appeal, Trussell focuses its analysis on Image's alleged violations of chapter 10.

3

> The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:
>
> > (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> > (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> > (3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> > (4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (Vernon 2002). Under section 10.001, the signer of a pleading or motion certifies that each claim, each allegation, and each denial is based on the signatory's best knowledge, information, and belief, formed after reasonable inquiry. *Low*, 221 S.W.3d at 614. The statute dictates that each claim and each allegation be individually evaluated for support. *Id.* Each claim against each defendant must satisfy chapter 10. *Id.*

Courts must presume that pleadings are filed in good faith. *Id.* The party seeking sanctions bears the burden of overcoming this presumption. *See **Thottumkal v. McDougal***, 251 S.W.3d 715, 718 (Tex. App.–Houston [14th Dist.] 2008, pet. denied). Though chapter 10 does not explicitly set forth this presumption of good faith, the presumption has been extended to motions brought under chapter 10. *See id.* (citing *Low*, 221 S.W.3d at 614).

A groundless pleading is not sanctionable unless it also was brought in bad faith or for the purpose of harassment. *See **GTE Comm. Sys. v. Tanner***, 856 S.W.2d 725, 731 (Tex. 1993). The trial court must hold an evidentiary hearing to make the necessary factual determinations about the party's or attorney's motives and credibility. ***Dudley Constr. Co., Inc. v. Dawson***, 258 S.W.3d 694, 709 (Tex. App.–Waco 2008, pet. denied); ***Alejandro v. Robstown ISD***, 131 S.W.3d 663, 670 (Tex. App.–Corpus Christi 2004, no pet.). Without such an evidentiary hearing, the trial court has no evidence before it to determine that a pleading was filed in bad faith or to harass. *Dawson*, 258 S.W.3d at 710; *accord **Karlock v. Schattman***, 894 S.W.2d 517, 523 (Tex. App.–Fort Worth 1994,

orig. proceeding) ("Without hearing evidence on the circumstances surrounding the filing of the pleading signer's credibility and motives, a trial court has no evidence to determine that a pleading was filed in bad faith or to harass."). The party moving for sanctions must prove the pleading party's subjective state of mind. *See Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex. App.–Houston [14th Dist.] 2002, no pet.). Bad faith does not exist when a party exercises bad judgment or negligence; bad faith exists only for the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes. *Id.* Improper motive is an essential element of bad faith for purposes of imposing sanctions for groundless, bad faith pleadings. *Wallace v. Investment Advisors, Inc.*, 960 S.W.2d 885, 889 (Tex. App.–Texarkana 1997, pet. denied). Evidence must be admitted under the rules of evidence at the evidentiary hearing for a trial court to consider it in a sanctions context. *Dawson*, 258 S.W.3d at 710. The pleading alone cannot establish that the represented party or its attorney brought the case in bad faith or to harass. *Id.* Though a trial court may take judicial notice of the case file for purposes of ruling on a sanctions motion, *see, e.g., Tex.-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 139 (Tex. App.– Texarkana 2000, no pet.), both parties urged in their respective pleadings, motions, or responses that an evidentiary hearing was required in the case at hand.

## Waiver of Sanctions for Failure to Secure an Evidentiary Hearing

Sanctions for alleged violations of chapter 10 known to the movants before trial are waived if a hearing and ruling are not secured pretrial. *See Finlay v. Olive*, 77 S.W.3d 520, 525 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (citing *Remington Arms Co. v. Caldwell*, 850 S.W.2d 167, 170 (Tex. 1993)). We again note that Trussell bore the burden of securing an evidentiary hearing on its motion for sanctions so as to put on evidence of Image's alleged bad faith in filing its third party petition.

Here, Trussell resisted Image's motion for summary judgment arguing that the motion for summary judgment should be denied and the alternatively styled motion to dismiss should be continued until an evidentiary hearing was conducted. As part of its response, Trussell requested that the trial court "conduct an evidentiary hearing on its counterclaim immediately after the conclusion of the jury trial of Image's claims against [it]." There is no indication in the record that Trussell, before or during the telephonic hearing on Image's motion for summary judgment,[2] (1) pursued its request for an

---

[2] A hearing on a motion for summary judgment is not an evidentiary hearing. *See* TEX. R. CIV. P. 166a(c). There is no indication that a hearing was conducted on Image's alternative motion to dismiss.

evidentiary hearing to the trial court apart from its response to Image's motion for summary judgment, (2) renewed its objection at the summary judgment hearing or requested a ruling on its objection, or (3) filed a motion for continuance in compliance with Texas Rule of Civil Procedure 250.[3]  Rather, the only conclusion we can reach from the record before us is that Trussell willingly participated in the nonevidentiary hearing that would be determinative of its motion for sanctions.

We recognize that Image's motion for summary judgment, with its rule-mandated nonevidentiary hearing, should have proven to be an impotent vehicle by which to challenge Trussell's request for sanctions.  But we are mindful that Trussell's pleadings determined the proverbial playing field on which it sought sanctions.  *See Murray v. O&A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982) (plaintiff's pleadings define lawsuit).  As such, we cannot fault Image for resisting Trussell's request for sanctions by a seemingly appropriate method to disarm Trussell's "counterclaim."

In sum, Trussell (1) failed to secure a ruling on its objection to the nonevidentiary hearing on a motion that would be determinative of its motion for sanctions, (2) failed to seek a continuance of the hearing on Image's motion under rule 250, (3) failed to otherwise secure an evidentiary hearing on its motion for sanctions, and (4) willingly participated in a nonevidentiary hearing concerning its motion for sanctions.  Accordingly, we hold that Trussell waived its right to the sanctions.  *See Finlay*, 77 S.W.3d 525.  Trussell's first and second issues are overruled.

## DISPOSITION

Having overruled Trussell's first and second issues, we ***affirm*** the trial court's denial of its motion for sanctions.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 8, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(PUBLISH)

---

[3] *See **Lemons v. EMW Mfg.***, 757 S.W.2d 372, 373 (Tex. 1988) (party appearing for what it assumes is a hearing for argument only, but instead is a hearing to receive evidence must object on the record to preserve error for appeal); *see, e.g., **Union Carbide Corp. v. Moye***, 798 S.W.2d 792, 793 (Tex. 1990) (attorney filed motion for continuance and asked for additional time to file affidavits upon discovering that no evidence would be received at hearing).