Jose THOTTUMKAL and Saramma
Thottumkal, Appellants,

v.

Larry McDOUGAL, Appellee.

No. 14–06–00364–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 15, 2008.

Rehearing Overruled April 10, 2008.

Scott Rothenberg, Bellaire, for appellants.

Larry P. McDougal, Richmond, pro se.

Panel consists of Chief Justice HEDGES, Justice FOWLER, and Senior Justice EDELMAN.*

## MAJORITY OPINION

ADELE HEDGES, Chief Justice.

Appellants, Jose and Saramma Thottumkal (the "Thottumkals"), appeal a money judgment for sanctions and attorney's fees in favor of appellee, Larry McDougal. We affirm the judgment as modified.

---

* Senior Justice Richard H. Edelman sitting by

## BACKGROUND

In January 2000, McDougal, a licensed attorney, filed suit in county court against appellant Saramma Thottumkal for stopping payment on a check written for legal services rendered by McDougal. McDougal recovered a final judgment in his favor. Thereafter, on May 4, 2005, the Thottumkals filed a separate suit against McDougal in district court alleging that: (1) their adult son wrote the check subject of the 2000 lawsuit without their consent; (2) McDougal committed perjury in the 2000 lawsuit when he testified that he provided legal services to Saramma Thottumkal, when in fact such services were performed for the Thottumkals' adult son; and (3) McDougal used scare tactics, coercion, and forceful means to pressure Saramma Thottumkal to pay the check.

On May 16, 2005, McDougal wrote a letter to the Thottumkals informing them that their lawsuit was frivolous and time-barred and gave the Thottumkals ten days to withdraw the lawsuit; otherwise McDougal would seek sanctions. The Thottumkals did not respond to the letter. On May 25, 2005, McDougal filed his answer, and two days later he filed a motion for sanctions pursuant to Texas Rule of Civil Procedure 13 and sections 9 and 10 of the Texas Civil Practice and Remedies Code. McDougal also filed a no-evidence motion for summary judgment and requested attorney's fees for the preparation and defense of the lawsuit. On August 11, 2005, the Thottumkals sent a letter to the court requesting that their lawsuit be withdrawn.

The trial court subsequently granted McDougal's motion for sanctions and no-evidence motion for summary judgment. The judgment makes a single award of $5,536.50 on two grounds: (1) relief sought in defendant's motion for sanctions under

assignment.

section 10 of the Texas Civil Practice and Remedies Code; and (2) relief sought in defendant's motion for summary judgment for defending against the instant lawsuit.

On appeal, the Thottumkals argue that the trial court abused its discretion because (1) the evidence is insufficient to support the imposition of sanctions under rule 13 and sections 9 and 10 of the Texas Civil Practice and Remedies Code and (2) there is no legal basis to support the award of attorney's fees to McDougal for defending against the lawsuit.

## STANDARD OF REVIEW

■■■ A trial court's ruling on a motion for sanctions is reviewed under an abuse of discretion standard. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex.2004). The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the court acted without reference to any guiding rules and principles. *Id.* at 838–39. When determining if the trial court abused its discretion, we engage in a two-part inquiry. First, we must ensure that the punishment was imposed on the true offender and tailored to remedy any prejudice caused. *Id.* at 839; *see also Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist.,* 198 S.W.3d 300, 319 (Tex.App.-Texarkana 2006, pet. denied). Second, we must make certain that less severe sanctions would not have been sufficient. *Cire,* 134 S.W.3d at 839; *Save Our Springs,* 198 S.W.3d at 319–320.

## ANALYSIS

### *Section 10 Sanctions*

■■■ Though sanctions are available under rule 13 of the Texas Rules of Civil Procedure and sections 9 and 10 of the Texas Civil Practice and Remedies Code, the judgment refers only to section 10. Therefore, we confine our analysis to sec-tion 10, which states "[a] court that determines that a person has signed a pleading or motion in violation of [s]ection 10.001 may impose a sanction on the person, a party represented by the person, or both." TEX. CIV. PRAC. & REM.CODE ANN. § 10.004(a) (Vernon 2002). Section 10.001 provides:

The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) each denial in the pleading or motion of a factual contention is warranted on the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

*Id.* at § 10.001.

The trial court found that the Thottumkals did not exercise due diligence and failed to make a reasonable inquiry and examination "into the validity of their claims" and "any potential bars" including "statute of limitations, res judicata, and/or collateral estoppel." The Thottumkals do not dispute that their claims were groundless, but only that it was McDougal's burden, as the movant, to prove their failure

to make a reasonable inquiry and to exercise due diligence before filing suit, neither of which they contend McDougal proved.

Courts must presume that pleadings are filed in good faith. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex.2007); *see also GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 730 (Tex.1993); *Save Our Springs*, 198 S.W.3d at 321. The party seeking sanctions bears the burden of overcoming the presumption of good faith in the filing of pleadings. *Save Our Springs*, 198 S.W.3d at 321. Though sanctions are available under rule 13 and sections 9 and 10, only rule 13 and section 9 explicitly presume that pleadings are filed in good faith. *See* Tex.R. Civ. P. 13 (stating that courts shall presume pleadings, motions, and other papers are filed in good faith); Tex. Civ. Prac. & Rem.Code Ann. § 9.003 (indicating that section 9 does not alter the Texas Rules of Civil Procedure). The Texas Supreme Court and at least one court of appeals have analyzed section 10 sanctions under the same standards and presumptions as rule 13 and section 9. *See Low*, 221 S.W.3d at 614 (reviewing section 10 sanctions under the same standard as Rule 13); *Save Our Springs*, 198 S.W.3d at 319–321 (adopting the Rule 13 presumption and standard of review for section 10 sanctions). Following *Low* and *Save Our Springs*, we extend the presumption that pleadings are filed in good faith to section 10 sanctions.

Jose Thottumkal admitted that he filed the instant lawsuit based on his personal feelings about the inequities of the 2000 lawsuit, rather than the validity of the claims and any potential bars. Had the Thottumkals made a reasonable inquiry before filing suit, they would have discovered that their claims were barred by statute of limitations, res judicata, and/or collateral estoppel from the 2000 lawsuit. McDougal also sent a letter to the Thottumkals after being served with the lawsuit detailing legal bars to their claims. However, the Thottumkals waited until after McDougal filed an answer, motion for summary judgment, and motion for sanctions before they dismissed the suit. McDougal produced adequate evidence rebutting the presumption that the Thottumkals' petition was filed in good faith. McDougal also produced sufficient evidence that the Thottumkals failed to conduct a reasonable inquiry into the validity of their claims prior to filing suit, which would have revealed that it was groundless.

Applying the appropriate standard of review, we hold that the monetary sanction was imposed on the true offender, the Thottumkals, and tailored to remedy the prejudice caused to McDougal. *See Cire*, 134 S.W.3d at 839. Furthermore, the award of $5,536.50 was proper as McDougal produced evidence that the expenses incurred, including reasonable attorney's fees, was $5,536.50 for the Thottumkals' sanctionable conduct. *See* Tex. Civ. Prac. & Rem.Code Ann. § 10.004(c)(3) (stating that a section 10 sanction may include reasonable attorney's fees incurred). No less severe sanction would have been sufficient. We overrule the Thottumkals' first issue.

### Non–Sanction Award

In their second issue, the Thottumkals allege that the trial court abused its discretion in awarding attorney's fees based on McDougal's motion for summary judgment for defending against the lawsuit because such award is unsupported by any statute, rule, or contractual authority. We agree. Because McDougal moved for attorney's fees in his summary judgment motion under rule 166a(c), he has the burden to prove entitlement to those fees as a matter of law. *Garcia v. Nat'l Eligibility Exp., Inc.*, 4 S.W.3d 887, 889 (Tex.App.-Houston [1st Dist.] 1999, no pet.). To recover statutory attorney's fees, McDou-

gal must have presented a claim to the opposing party. *See Energen Resources MAQ, Inc. v. Dalbosco,* 23 S.W.3d 551, 558 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). The Texas Civil Practice and Remedies Code does not provide for the recovery of attorney's fees by a defendant who only defends against a plaintiff's claim and presents no claim of his own. *Id.; see also American Airlines, Inc. v. Swest, Inc.,* 707 S.W.2d 545, 547 (Tex.1986) (holding that the defendant could not recover attorney's fees under section 38.001 when it presented no contract claim of its own). No statute authorized McDougal's recovery of attorney's fees for defending against the lawsuit. Because McDougal did not produce evidence of a contractual right to attorney's fees, and there is no statute authorizing attorney's fees for defending against a claim, the trial court abused its discretion in awarding attorney's fees to McDougal for defending against the Thottumkals' lawsuit.

While the award of attorney's fees based on McDougal's motion for summary judgment for defending against the lawsuit is improper, the fee award for the Thottumkals' sanctionable conduct under section 10 is proper. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 10.001, 10.002, 10.004. The trial court's order does not clearly state that it awarded attorney's fees only for the sanctionable conduct; it potentially awards attorney's fees based on the summary judgment motion. To the extent that the order does grant attorney's fees on the summary judgment motion, we sustain the Thottumkals' second issue.

Accordingly, we modify the judgment to delete the award of attorney's fees as requested in defendant's motion for summary judgment for defending against this lawsuit and reflect that the award in the amount of $5,536.50 is awarded to McDougal for sanctions under section 10.

We affirm the judgment as so modified.

(Edelman, J. concurring).

EDELMAN, J., concurring.

Regarding the Thottumkals' contention that McDougal had the burden to prove a lack of due diligence on their part, section 10.002(c) provides:

> The court may award to a party prevailing on a motion under this section the reasonable expenses and attorney's fees incurred in presenting or opposing the motion, *and if no due diligence is shown the court may award to the prevailing party ... out of pocket expenses incurred or caused by the subject litigation.*

Tex. Civ. Prac. & Rem.Code Ann. § 10.002(c) (emphasis added). The parties have cited, and we have found, no Texas appeals court opinion addressing which party has the burden of proof under section 10.002(c) on the issue of due diligence.[1]

Section 10.002(a) allows a party to move for sanctions based on a violation of section 10.001 alone. Section 10.002(c), quoted above, then essentially allows a greater sanction to be imposed if no due diligence is shown. The Thottumkals' interpretation of this provision would treat a showing of

---

1. The Thottumkal's post-argument brief cites the statement in *Low,* that the party seeking sanctions bears the burden of overcoming the presumption of good faith, as meaning that McDougal had the burden to show a lack of due diligence. *See* 221 S.W.3d at 614. However, that statement in *Low* refers to the good faith standard in Texas Rule of Civil Procedure 13, which does not pertain to the due diligence or other standards set forth in sections 10.001 or 10.002 of the Civil Practice and Remedies Code. Moreover, notwithstanding section 22.004 of the Texas Government Code, the Texas Supreme Court may not amend or adopt rules that are in conflict with Chapter 10 of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.Code Ann. § 10.006.

no due diligence as an additional violation or element that must be proved by the movant, *i.e.,* in addition to a violation of an express provision of section 10.001 (such as pleading a claim that a reasonable inquiry would have disclosed to be groundless). However, no provision of Chapter 10 refers to a violation of anything other than section 10.001, and that section does not include, or refer to, a lack of due diligence. Under these circumstances, the due diligence standard is not an additional violation or element, but, instead, a type of exemption or safe harbor, which allows a nonmovant to reduce the scope of the sanctions that can potentially be imposed if the nonmovant shows that his violation of section 10.001 occurred despite (i.e., rather than because of) his exercise of due diligence.