NO















NO. 12-09-00390-CV

 

                         IN THE COURT OF APPEALS

 

            TWELFTH COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

TRUSSELL INSURANCE 

SERVICES, INC. AND EMPLOYMENT

MANAGEMENT SERVICE, LLC,                  '     APPEAL
FROM THE 273RD

APPELLANTS

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

 

IMAGE SOLUTIONS, INC.,                            '     SHELBY
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Trussell Insurance Services, Inc.
and Employment Management Services, L.L.C. (collectively Trussell) appeal the
trial court’s order denying their motion for sanctions against Image Solutions,
Inc (Image).  In two issues, Trussell
argues that the trial court erred in denying its motion for sanctions.  We affirm.

 

Background

            Gregory Landry worked for Image as a
leased employee.  When Landry was injured
on the job, he filed suit against Image and others.  In his petition, Landry alleged that Image
was a nonsubscriber for purposes of the workers’ compensation statute and its
defenses.  Image was a client company of
USA Staffing, Inc., the staff leasing company who had leased Landry to
Image.  USA obtained workers’
compensation insurance from Financial Insurance Company of America (FICA).  Trussell Insurance Services, Inc. acted as
broker and procured the workers’ compensation insurance for USA from FICA and was
paid a commission by FICA.  FICA was
later declared insolvent and put into receivership.  The Texas Property & Casualty Insurance
Guaranty Fund (TPCIGA) took over the handling of claims made under FICA issued
policies.  After Landry filed suit, Image
tendered the Landry suit to TPCIGA seeking defense and indemnity.  TPCIGA denied coverage to Image.

            Thereafter, Image filed its third
party claims against Trussell for breach of contract and negligence for
Trussell’s alleged failure to procure valid workers’ compensation insurance for
USA.  Trussell answered and filed a
counterclaim seeking sanctions under Texas Rule of Civil Procedure 13.  Trussell later amended its counterclaim to
include requests for sanctions under Texas Civil Practices and Remedies Code,
chapter 10, and Texas Insurance Code, section 541.153.  

Subsequently,
Trussell filed a motion for summary judgment seeking the dismissal of Image’s
third party claims and judgment on its counterclaim.  In its response, Image noted that the trial
court was required to conduct an evidentiary hearing on a party’s request for
sanctions.  In its reply, Trussell agreed
with Image’s assertion concerning the necessity of an evidentiary hearing and
stated that it would have the matter set for an evidentiary hearing.  In May 2008, the trial court denied
Trussell’s motion for summary judgment. 
There is no indication that Trussell sought to have its motion for
sanctions set for an evidentiary hearing before the trial court denied its
motion.

            After Landry settled his claims
against Image, Image filed a motion for summary judgment, alternatively styled
as a motion to dismiss regarding Trussell’s counterclaims.  Trussell responded and, among other things,
argued that the motion for summary judgment should be denied and the
alternatively styled motion to dismiss should be continued until an evidentiary
hearing was conducted.  As part of its
response, Trussell requested that the trial court “conduct an evidentiary
hearing on its counterclaim immediately after the conclusion of the jury trial
of Image’s claims against [it].”

            On October 2, 2009, the trial court
conducted a telephonic hearing on Image’s motion for summary judgment.  There is no indication in the record that
Trussell (1) sought a ruling on its objection to this nonevidentiary hearing
concerning its request for sanctions or (2) sought a continuance of the hearing
pursuant to Texas Rule of Civil Procedure 250. 
Rather, the record reflects that Trussell participated in the telephonic
hearing.  The trial court granted Image’s
motion, and Image thereafter nonsuited its third party claims against
Trussell.  This appeal followed.

 

Discussion

In
its first and second issues, Trussell argues that the trial court erred in
granting Image’s motion for summary judgment and denying its motion for summary
judgment.

From
its genesis, this case was procedurally unusual because Trussell brought its
motion for sanctions as a counterclaim. 
A request for sanctions is not an independent cause of action.  See
Mantri
v. Bergman, 153 S.W.3d 715, 717 (Tex. App.–Dallas 2005, pet.
denied).  On the surface, this misnomer
in pleading does not appear to be so problematic because we consider the
substance of Trussell’s pleading over its form. 
See Tex. R. Civ. P. 71; State Bar v. Heard, 603 S.W.2d 829,
833 (Tex. 1980).  Consequently, on
appeal, we will consider Trussell’s counterclaim as a motion for
sanctions.  Yet the parties, throughout
several years of proceedings in the trial court, continued to treat Trussell’s
motion for sanctions as if it were a cause of action, and each filed motions
for summary judgment pertaining to it. 
The matter became even more unusual when the parties acknowledged that
the trial court was required to hold an evidentiary hearing before determining
the sanctions issue.  Ultimately, as
Trussell noted at oral argument before this court, no such evidentiary hearing
ever took place.

Standard of Review and Governing Law

We
review a trial court’s decision to grant or deny a motion for sanctions under
an abuse of discretion standard.  See Herring
v. Welborn, 27 S.W.3d 132, 143 (Tex. App.–San Antonio 2000, pet.
denied); Griffin Industries v. Grimes, No. 04-02-00430-CV, 2003 WL
1911993, at *3 (Tex. App.–San Antonio Apr. 23, 2003, no pet.) (not designated
for publication); Bug Master Exterminating Svc., Inc. v. Abash Exterminating, Inc.,
No. 03-02-00048-CV, 2002 WL 31890819, at *2 (Tex. App.–Austin Dec. 31, 2002, no
pet.) (not designated for publication). 
Our analysis of a motion for sanctions filed under Texas Civil Practice
and Remedies Code, chapter 10, is the same as our review of a motion filed
under Texas Rule of Civil Procedure 13.  See Low
v. Henry, 221 S.W.3d 609, 614 (Tex. 2007).[1]  An appellate court may reverse the trial
court's ruling only if the trial court acted without reference to any guiding
rules and principles, such that its ruling was arbitrary or unreasonable.  Id. 


Chapter
10 of the Texas Civil Practice and Remedies Code and rule 13 of the Texas Rules
of Civil Procedure allow a trial court to sanction an attorney or a party for
filing motions or pleadings that lack a reasonable basis in fact or law.  Id.  
Chapter 10 provides, in pertinent part, as follows:

The signing of a pleading or
motion as required by the Texas Rules of Civil Procedure constitutes a
certificate by the signatory that to the signatory's best knowledge,
information, and belief, formed after reasonable inquiry:

 

(1) the pleading or motion
is not being presented for any improper purpose, including to harass or to
cause unnecessary delay or needless increase in the cost of litigation;

 

(2) each claim, defense, or
other legal contention in the pleading or motion is warranted by existing law
or by a nonfrivolous argument for the extension, modification, or reversal of
existing law or the establishment of new law;

 

(3) each allegation or other
factual contention in the pleading or motion has evidentiary support or, for a
specifically identified allegation or factual contention, is likely to have
evidentiary support after a reasonable opportunity for further investigation or
discovery; and

 

(4) each denial in the
pleading or motion of a factual contention is warranted on the evidence or, for
a specifically identified denial, is reasonably based on a lack of information
or belief.

 

Tex. Civ. Prac. & Rem. Code Ann. §
10.001 (Vernon 2002).  Under section
10.001, the signer of a pleading or motion certifies that each claim, each
allegation, and each denial is based on the signatory’s best knowledge,
information, and belief, formed after reasonable inquiry.  Low, 221 S.W.3d at 614.  The statute dictates that each claim and each
allegation be individually evaluated for support.  Id. 
Each claim against each defendant must satisfy chapter 10.  Id. 


            Courts must presume that pleadings
are filed in good faith.  Id.  The party seeking sanctions bears the burden
of overcoming this presumption.  See Thottumkal
v. McDougal, 251 S.W.3d 715, 718 (Tex. App.–Houston [14th Dist.] 2008,
pet. denied).  Though chapter 10 does not
explicitly set forth this presumption of good faith, the presumption has been
extended to motions brought under chapter 10. 
See id. (citing Low,
221 S.W.3d at 614).  

            A groundless pleading is not
sanctionable unless it also was brought in bad faith or for the purpose of
harassment.  See GTE Comm. Sys. v. Tanner, 856 S.W.2d 725, 731 (Tex. 1993).  The trial court must hold an evidentiary
hearing to make the necessary factual determinations about the party’s or
attorney’s motives and credibility.  Dudley
Constr. Co., Inc. v. Dawson, 258 S.W.3d 694, 709 (Tex. App.–Waco 2008,
pet. denied); Alejandro v. Robstown ISD, 131 S.W.3d 663, 670 (Tex.
App.–Corpus Christi 2004, no pet.). 
Without such an evidentiary hearing, the trial court has no evidence
before it to determine that a pleading was filed in bad faith or to harass.   Dawson, 258 S.W.3d at 710; accord Karlock v. Schattman, 894
S.W.2d 517, 523 (Tex. App.–Fort Worth 1994, orig. proceeding) (“Without hearing
evidence on the circumstances surrounding the filing of the pleading signer’s
credibility and motives, a trial court has no evidence to determine that a
pleading was filed in bad faith or to harass.”).  The party moving for sanctions must prove the
pleading party's subjective state of mind. 
See Mattly v. Spiegel, Inc.,
19 S.W.3d 890, 896 (Tex. App.–Houston [14th Dist.] 2002, no pet.).  Bad faith does not exist when a party
exercises bad judgment or negligence; bad faith exists only for the conscious
doing of a wrong for dishonest, discriminatory, or malicious purposes.  Id. 
Improper motive is an essential element of bad faith for purposes of
imposing sanctions for groundless, bad faith pleadings.  Wallace v. Investment Advisors, Inc.,
960 S.W.2d 885, 889 (Tex. App.–Texarkana 1997, pet. denied).  Evidence must be admitted under the rules of
evidence at the evidentiary hearing for a trial court to consider it in a
sanctions context.  Dawson, 258 S.W.3d at
710.  The pleading alone cannot establish
that the represented party or its attorney brought the case in bad faith or to
harass.  Id.  Though a trial court may take judicial notice
of the case file for purposes of ruling on a sanctions motion, see, e.g., Tex.-Ohio Gas, Inc. v. Mecom, 28 S.W.3d 129, 139 (Tex.
App.–Texarkana 2000, no pet.), both parties urged in their respective
pleadings, motions, or responses that an evidentiary hearing was required in
the case at hand.

Waiver of Sanctions for Failure to
Secure an Evidentiary Hearing

            Sanctions for alleged violations of
chapter 10 known to the movants before trial are waived if a hearing and ruling
are not secured pretrial.  See Finlay
v. Olive, 77 S.W.3d 520, 525 (Tex. App.–Houston [1st Dist.] 2002, no
pet.) (citing Remington Arms Co. v. Caldwell, 850 S.W.2d 167, 170 (Tex.
1993)).  We again note that Trussell bore
the burden of securing an evidentiary hearing on its motion for sanctions so as
to put on evidence of Image’s alleged bad faith in filing its third party
petition.  

            Here, Trussell resisted Image’s
motion for summary judgment arguing that the motion for summary judgment should
be denied and the alternatively styled motion to dismiss should be continued
until an evidentiary hearing was conducted. 
As part of its response, Trussell requested that the trial court
“conduct an evidentiary hearing on its counterclaim immediately after the
conclusion of the jury trial of Image’s claims against [it].”  There is no indication in the record that
Trussell, before or during the telephonic hearing on Image’s motion for summary
judgment,[2]
(1) pursued its request for an evidentiary hearing to the trial court apart
from its response to Image’s motion for summary judgment, (2) renewed
its objection at the summary judgment hearing or requested a ruling on its
objection, or (3) filed a motion for continuance in compliance with Texas Rule
of Civil Procedure 250.[3]   Rather, the only conclusion we can reach
from the record before us is that Trussell willingly participated in the
nonevidentiary hearing that would be determinative of its motion for
sanctions.  

            We recognize that Image’s motion for
summary judgment, with its rule-mandated nonevidentiary hearing, should have
proven to be an impotent vehicle by which to challenge Trussell’s request for
sanctions.  But we are mindful that
Trussell’s pleadings determined the proverbial playing field on which it sought
sanctions.  See Murray v. O&A
Express, Inc., 630 S.W.2d 633, 636 (Tex. 1982) (plaintiff’s pleadings
define lawsuit).  As such, we cannot
fault Image for resisting Trussell’s request for sanctions by a seemingly
appropriate method to disarm Trussell’s “counterclaim.”

            In sum, Trussell (1) failed to secure
a ruling on its objection to the nonevidentiary hearing on a motion that would
be determinative of its motion for sanctions, (2) failed to seek a continuance
of the hearing on Image’s motion under rule 250, (3) failed to otherwise secure
an evidentiary hearing on its motion for sanctions, and (4) willingly
participated in a nonevidentiary hearing concerning its motion for
sanctions.  Accordingly, we hold that
Trussell waived its right to the sanctions. 
See Finlay, 77 S.W.3d
525.  Trussell’s first and second issues
are overruled.

Disposition

Having overruled
Trussell’s first and second issues, we affirm the trial court’s denial of
its motion for sanctions. 

                                                                                                JAMES T. WORTHEN    

                                                                                                            Chief
Justice

Opinion delivered December 8, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

(PUBLISH)











[1]
On appeal, Trussell focuses
its analysis on Image’s alleged violations of chapter 10.   





[2] A hearing on a motion for
summary judgment is not an evidentiary hearing. 
See Tex. R. Civ. P. 166a(c). 
There is no indication that a hearing was conducted on Image’s
alternative motion to dismiss. 





 

[3] See Lemons v. EMW Mfg.,
757 S.W.2d 372, 373 (Tex. 1988) (party appearing for what it assumes is a
hearing for argument only, but instead is a hearing to receive evidence must
object on the record to preserve error for appeal); see, e.g., Union Carbide Corp.
v. Moye, 798 S.W.2d 792, 793 (Tex. 1990) (attorney filed motion for
continuance and asked for additional time to file affidavits upon discovering
that no evidence would be received at hearing).