**Affirmed and Memorandum Opinion filed August 21, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00840-CV

---

## CARMAX BUSINESS SERVICES, LLC, A SUBSIDIARY OF CARMAX AUTO SUPERSTORES, Appellant

## V.

## BRANISHIA ANNETTE HORTON, Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1071212**

---

## M E M O R A N D U M   O P I N I O N

Appellant CarMax Business Services, LLC appeals from an adverse judgment on its breach of contract claim. In its first issue, CarMax contends that the evidence conclusively established all elements of its breach of contract claim. In its second issue, CarMax argues that no legally or factually sufficient evidence supports the trial court's implied findings in favor of appellee Branishia Horton's affirmative defenses. Finally, in its third issue, CarMax argues that the trial court's award of

damages in Horton's favor fails either as a matter of law or for insufficient evidence.

We conclude that the record contains legally and factually sufficient evidence to support the trial court's implied finding that Horton established her affirmative defense of release. Therefore, we need not consider CarMax's first issue or the evidentiary support for appellee's other affirmative defenses. However, because Horton presented no evidence of compensable damages, we sustain CarMax's third issue and modify the judgment to delete the award of damages. Accordingly, we affirm the trial court's judgment as modified.

## Background

CarMax sued Horton for breach of contract. CarMax alleged the following facts. On January 25, 2013, Horton agreed to purchase a car from CarMax for $18,856.82. Horton financed the purchase price with Santander Consumer USA, Inc. d/b/a RoadLoans ("Santander"). Pursuant to the financing agreement, Horton agreed to pay Santander $456.16 per month, for seventy-two months. Horton made several payments. A third party was responsible for causing an accident and damaging Horton's vehicle beyond repair. Horton continued to make payments on the note to Santander following the accident. Later, Santander told Horton over the phone that the car was "paid off," and Horton then received a letter from Santander, advising that Horton's account was "paid in full." At that point, Horton ceased making payments under the note.

On July 2, 2015, Santander assigned its interest in the financing agreement to CarMax. CarMax later sued Horton, seeking the balance on the financing agreement for Horton's car, which was $16,193.37.

Horton asserted a number of affirmative defenses against CarMax's breach of contract claim, including release, quasi-estoppel, and accord and satisfaction.

2

According to Horton, she timely made all monthly payments until her car was deemed totaled, and she received a release from Santander from any further payments. Horton also asserted counterclaims for breach of contract and negligence.

After a bench trial, the trial court signed a judgment in Horton's favor, awarding her $7,375 in damages and ordering that CarMax take nothing on its claim. No party requested findings of fact and conclusions of law. CarMax appeals the trial court's judgment.

## Analysis

CarMax raises three issues for our review, all challenging the legal and factual sufficiency of the evidence supporting the trial court's judgment. The first two issues attack both the legal and factual sufficiency of the evidence supporting the trial court's implied findings that (1) CarMax did not establish its breach of contract claim or (2) Horton established an affirmative defense. CarMax's third issue challenges is the legal and factual sufficiency of evidence to support the trial court's damages award.

### A.     Standard of Review for Challenges to Evidentiary Sufficiency

There are no findings of facts or conclusions of law included in our record, and the record does not reveal whether either party requested findings and conclusions. In a nonjury trial, when findings of fact and conclusions of law are neither filed nor timely requested, all necessary findings in support of the trial court's judgment are implied. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). When a reporter's record is filed, an appellant may challenge implied findings by factual or legal sufficiency points, just as it could challenge jury findings or a trial court's written findings of fact. *Id.* at 84. If the evidence supports the implied findings, we must uphold the trial court's judgment on any theory of law

3

applicable to the case. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984) (per curiam).

When a party attacks the legal sufficiency of an adverse finding on which he did not have the burden of proof, he must demonstrate on appeal that no evidence supports the finding. *Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014) (per curiam). We review the evidence in the light most favorable to the appealed finding and indulge every reasonable inference that supports it. *City of Keller v. Wilson*, 168 S.W.3d 802, 821-22, 827 (Tex. 2005); *Graham Cent. Station*, 442 S.W.3d at 263. But the fact finder is the sole judge of the credibility of the witnesses and the weight to give their testimony, and it is the province of the fact finder to resolve conflicts in the evidence. *City of Keller*, 168 S.W.3d at 819-20. If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then the fact finder must be allowed to do so, and we may not substitute our judgment for that of the fact finder. *Id.* at 822.

When a party attacks the factual sufficiency of the evidence pertaining to a finding on which the party did not have the burden of proof, we may set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Bennett v. Comm'n for Lawyer Discipline*, 489 S.W.3d 58, 66 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We consider all the evidence, but we will not reverse the judgment unless "the evidence which supports the [] finding is so weak as to [make the finding] clearly wrong and manifestly unjust." *Star Enter. v. Marze*, 61 S.W.3d 449, 462 (Tex. App.—San Antonio 2001, pet. denied); *see also Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). The amount of evidence necessary to affirm is far less than the amount necessary to reverse a judgment. *GTE Mobilnet of S. Tex. Ltd. P'ship v. Pascouet*, 61 S.W.3d 599, 616 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

This court is not a factfinder. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d

4

402, 407 (Tex. 1998). Instead, the trier of fact—in this case the trial court—is the sole judge of witness credibility and the weight afforded their testimony. *GTE Mobilnet*, 61 S.W.3d at 615-16. Therefore, we may not pass upon the witnesses' credibility or substitute our judgment for that of the trial court, even if the evidence would also support a different result. *Id.* "If we determine that the evidence is factually insufficient, we must detail the evidence relevant to the issue and state in what regard the contrary evidence greatly outweighs the evidence in support of the challenged finding; we need not do so when we affirm." *Bennett*, 489 S.W.3d at 66.

## B. Application

### 1. *Take-nothing judgment against CarMax*

CarMax sued, as Santander's assignee, to recover damages from Horton's breach of the financing agreement with Santander. Horton asserted a number of affirmative defenses in response. After the bench trial, the court ordered that CarMax take nothing in its claim against Horton. Because no findings of fact or conclusions of law appear in our record, we have no way of telling whether the trial court ruled as it did because CarMax did not prove its contract claim or because the court found that Horton proved one of her affirmative defenses.

We assume arguendo that CarMax established conclusively its breach of contract claim, and consider whether legally and factually sufficient evidence exists to support the trial court's implied finding that Horton established an affirmative defense, specifically the defense of release.

A release is a writing providing that a duty or obligation owed to one party is discharged immediately or on the occurrence of a condition. *In re OSG Ship Mgmt., Inc.*, 514 S.W.3d 331, 344 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A release is a contract subject to the rules of contract construction. *Williams v. Glash*,

5

789 S.W.2d 261, 264 (Tex. 1990). A release extinguishes a claim and bars recovery on the released matter. *OSG Ship Mgmt.*, 514 S.W.3d at 344.

Horton testified that she was in a car accident that damaged her vehicle beyond repair, and the other driver was at fault. Horton called Santander to inform the company that the vehicle was considered totaled. At Santander's request, Horton provided the contact information for the adjustor handling the claim for the other driver's insurance company. Horton believed that "Santander knew that the vehicle was totaled and was kept in the loop with the insurance claim." Horton continued to make payments to Santander after the accident.

Horton later called Santander to make a payment over the phone and was told that "the car's paid off." Horton also received a letter from Santander stating that Horton's account was "paid in full." At that point, Horton did not believe that she owed Santander any further payments and that "as far as what [Horton] was communicated with from them on [her end], things were satisfied." Horton assumed that the other driver's insurance company had paid Santander.

We conclude that the above evidence is legally sufficient proof of release. In its reply brief, CarMax asserts that the letter was not admitted as evidence at trial. However, CarMax fails to explain why the trial court could not consider Horton's unobjected-to testimony about the letter as evidence supporting a finding of release. CarMax does not identify any other element of the purported release that is not supported by sufficient evidence, nor does CarMax contend that the release is subject to avoidance on grounds such as fraud or mistake. *See Williams*, 789 S.W.2d at 264 (release is subject to avoidance "just like any other contract"). Further, after reviewing the entire record under the appropriate standard, we cannot say that the trial court's decision is so against the great weight and preponderance of the evidence such that it is clearly wrong and manifestly unjust. *See PNS Stores, Inc. v. Munguia*,

6

484 S.W.3d 503, 510-11, 517 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Accordingly, we conclude that factually sufficient evidence supports the trial court's implied finding that Santander discharged Horton of any remaining obligation to continue making loan payments, which amounts to a release. *See, e.g., In re J.P.*, 296 S.W.3d 830, 835 (Tex. App.—Fort Worth 2009, no pet.) (notice from attorney general providing that child support obligation was paid in full was release purportedly discharging father of the full amount of arrearages).

CarMax alternatively argues that, even if Santander released Horton from her obligations under the financing agreement, the release defense fails as a matter of law because CarMax is not bound by a release executed by a third party. CarMax contends that Santander had no authority to bind CarMax to the release. *See, e.g., Anderson Furniture Co. v. Roden*, 255 S.W.2d 345, 352 (Tex. Civ. App.—Amarillo 1952, writ ref'd n.r.e.) (a release does not bind one who is not a party to it). However, CarMax assumed all rights and obligations enjoyed or owed by Santander when CarMax took assignment of the note. As assignee, CarMax stood in Santander's shoes and could assert only those rights that Santander could have asserted. *See Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 420 (Tex. 2000). CarMax therefore was bound by Santander's release of Horton's payment obligation, which extinguished any claim and barred recovery on the released matter. *OSG Ship Mgmt.*, 514 S.W.3d at 344.

Because the trial court's implied finding that Horton proved her affirmative defense of release is supported by legally and factually sufficient evidence, we must uphold the trial court's take-nothing judgment against CarMax. *W.E.R.*, 669 S.W.2d at 717. We overrule CarMax's first and second issues.

7

2. *Award of damages to Horton*

In its third issue, CarMax argues that there is no evidence to support the trial court's award of damages to Horton. We agree.

At the conclusion of the bench trial, Horton's attorney testified as to his fees, which were $250 per hour, for 29.5 hours. Those fees total $7,375, which is the amount awarded to Horton as damages in the trial court's judgment. Horton did not present any other evidence of alleged damages.

Horton argues that she prevailed on her breach of contract and negligence counterclaims and that her attorney's fees were appropriate measures of damages under either theory. She cites no statute or case law to support her assertion. Horton asserted a breach of contract counterclaim against CarMax in the alternative to her affirmative defense of release. Because we conclude that legally and factually sufficient evidence supports the trial court's implied finding of release in Horton's favor, the court would not have reached Horton's alternative counterclaim for breach of contract. Even assuming CarMax breached its contract with Horton, however, she cannot recover attorney's fees as her sole damages. "[T]here must be a recovery of money, or at least something of value; otherwise, the attorney's fee award cannot be described as an 'addition' to the claimant's relief." *Kenneth Leventhal & Co. v. Reeves*, 978 S.W.2d 253, 257-58 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (internal quotation omitted). There being no evidence of any actual damages that Horton suffered as a result of CarMax's alleged breach, she is not entitled to an award of attorney's fees under a breach of contract theory. *See id.*; *RAS Grp., Inc. v. Rent-A-Center East, Inc.*, 335 S.W.3d 630, 641-42 (Tex. App.—Dallas 2010, no pet.) (attorney's fees incurred in defending breach of contract and tort claims not considered actual damages).

Similarly, if the trial court found that Horton prevailed on her negligence

claim, she cannot recover attorney's fees. *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 441 n.9 (Tex. 1995).

Horton also seems to contend that she had to hire an attorney to defend against CarMax's breach of contract claim. But a party who successfully defends a breach of contract claim is not entitled to recover attorney's fees unless the contract provides for it. Horton does not identify any provision of a contract that would permit her to recover her attorney's fees. *See Thottumkal v. McDougal*, 251 S.W.3d 715, 718-19 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *Wilson & Wilson Tax Servs., Inc. v. Mohammed*, 131 S.W.3d 231, 240 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

We sustain CarMax's third issue and modify the trial court's judgment to delete the award of $7,375 to Horton.

### Conclusion

We affirm the trial court's judgment as modified.


/s/     Kevin Jewell
         Justice


Panel consists of Justices Jamison, Wise, and Jewell.

9